IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. DiCICCO and | : | No. |
| STACEY A. DiCICCO, individually | : | |
| and on behalf of all others similarly | : | |
| aggrieved | : | Class Action |
| | : | |
| vs. | : | |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. | : | |
| | : | |
| and | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA, INC. | : | |
| 1735 Market Street | : | |
| Philadelphia, PA 19103 | : | |

## Class Action Complaint

### Notice To Preserve Records And Documents

**You are hereby notified to preserve all records and documents in all forms and formats (digital, electronic, film, magnetic, optical, print, etc.) during the pendency of this action that are relevant or may lead to relevant information and to notify your employees, agents and contractors that they are required to take appropriate action to do so.**

## I.   <u>**Introduction**</u>

Plaintiffs Michael A. DiCicco and Stacey A. DiCicco bring this Class Action against Citizens Financial Group, Inc. and its subsidiaries ("Citizens") for declaratory relief, restitution and statutory remedies with respect to its charges for Home Equity Lines of Credit (HELOC).

Since at least 2013 Citizens has over-billed plaintiffs and other borrowers with HELOC loans by charging excessive "Minimum Payments" on their outstanding loan balances during the 15 year Repayment Period.

In 2003 and 2004, Citizens promoted HELOC loans to plaintiffs and other borrowers.  These consumer loans had variable below market interest rates that were advantageous to borrowers but costly to Citizens.  In order to get these loans off its books, since at least 2013 Citizens has accelerated repayment by systematically misrepresenting the correct billing method and miscalculating the borrower's monthly Minimum Payment.  In notices sent to its borrowers near the end of the interest-only Draw Period, Citizens stated:

> This letter is to advise you that in accordance with the terms of your original line of credit agreement your ability to write checks against the above referenced account will cease on [mm/dd/yyyy]...

> The terms of your agreement require that **your existing principal balance of [$######.##] will be payable over the next 180 months in equal principal payments** of [$###.##] plus any interest accrued during the billing cycle...

> (Emphasis added)

To the contrary, all of Citizens' HELOC Loan Agreements required level "amortized" payments that were far lower than payments with "equal principal". Instead of charging level amortized payments as required, Citizens has used a non-amortized add-on-interest method. This significantly inflates the monthly Minimum Payment by more than 15% during the early Repayment Period and gives Citizens a windfall.

Citizens' wrongful billing method has been burdensome and caused plaintiffs and other borrowers serious financial problems. Without regards to these overcharges, The Office of the Controller of the Currency has warned that HELOC borrowers face an increased risk of default as their interest-only draw period ends and they face larger payments of both principal and interest. See Exhibit A. Indeed, Citizens has warned the SEC and shareholders that its borrowers will face "HELOC Shock". *See* Exhibit B. Yet Citizens has worsened this HELOC Shock by its systematic overcharges. As a result, borrowers have been required to pay these overcharges to avoid default. Citizens has moved many borrowers into higher rate loans; and many of these loans have gone into default and foreclosure. Unless relief is granted, Citizens will continue to overcharge plaintiffs and other HELOC borrowers causing them serious harm and loss.

Plaintiffs ask the Court to order Citizens to calculate the Minimum Payments during the Repayment Period by amortizing the payments according to the terms of the HELOC Loan Agreement. They also request judgment for restitution, treble damages, reasonable attorneys' fees and appropriate statutory relief.

## II.    **Parties**

1.      Plaintiffs Michael A. DiCicco and Stacey A. DiCicco are individuals who reside at 3108 Dovecote Drive,  Quakertown, Pennsylvania, 18951.

2.      Defendant Citizens Financial Group, Inc.  is a banking entity, the exact nature of which is not known, which maintains offices at 1731 Market Street, Philadelphia, Pennsylvania, 19103.

3.      Defendant Citizens Bank of Pennsylvania, Inc. is a banking entity, the exact nature of which is not presently known, which  maintains offices at 1731 Market Street, Philadelphia, Pennsylvania, 19103.   At all relevant times, Citizens Bank of Pennsylvania, Inc. was a wholly owned subsidiary of Citizens Financial Group, Inc. and subject to its direct supervision and control.

4.      At all relevant times, Citizens Bank of Pennsylvania, Inc., acted as the agent and alter ego of Citizens Financial Group, Inc. in the origination, servicing, management  and collection of the HELOC loans that are the subject of  this action.  Unless otherwise stated they shall be referred to collectively as "Citizens".

5.      At all relevant times, defendants acted by and through their agents servants and employees who were acting in the course and scope of their employment and on behalf of defendants.

## III.    Jurisdiction and Venue

6.    Plaintiffs bring this action seeking class-action status and alleging breach of contract, restitution, claims for injunctive and declaratory relief and violations of the Federal Truth in Lending Act (TILA) and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (PaUTPCPL).  The Class' claims exceed $5 million in the aggregate.   Its members are of different citizenship than the defendants. This Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. sec. 1332 (d). This Court also has federal question jurisdiction under 28 U.S.C. sec. 1331 over the claims asserted under TILA.

7.    Venue is proper in this District because defendant Citizens Bank of Pennsylvania, Inc. is headquartered in this District, and many of the acts and transactions by both defendants that give rise to the violations of law alleged herein occurred within and emanated from defendants' offices in this District.  Specifically, the origination, servicing and collection of a substantial number of the HELOC loans and unfair consumer practices were  performed in this District.

## III.    Background and Facts

8.    On or about June 5, 2006, plaintiffs and Citizens entered into a Home Equity Line of Credit (HELOC) Loan Agreement, Account Number 6007556135. The Loan Agreement "contains the terms which govern [the]

line of credit."   A true and correct sample copy of this Loan Agreement is attached as Exhibit C.

9.   Citizens' HELOC loans are consumer transactions secured by the borrower's residential real estate.

10.   Under their Loan Agreement, plaintiffs could borrow up to $158,000 during a 7 year "Draw Period". During this Draw Period, plaintiffs were permitted to pay interest only on the outstanding principal balance. At the end of the Draw Period, any balance remaining was to be converted to a term loan with a 15 year "Repayment Period".

11.   On about February 6, 2013, Citizens notified plaintiffs that they were nearing the end of the Draw period when they would no longer be able to draw on their HELOC. This End-of-Draw Notice stated:

> This letter is to advise you that in accordance with the terms of your original line of credit agreement your ability to write checks against the above referenced account will cease on [mm/dd/yyyy]...

> The terms of your agreement require that your existing principal balance of $157,372 **will  be payable over the next 180 months in equal principal payments** of $874.29 plus   any interest accrued during the billing cycle;

> (Emphasis added)

A true copy of Citizens' End-Of-Draw Notice is attached as Exhibit D.

12.    Citizens' End-of-Draw Notice was false and misleading because plaintiffs' Loan Agreement did not require that the remaining principal balance be paid over 180 months in "equal principal payments."    To the contrary, the Loan Agreement required level "amortized" payments of principal and interest.

13.    According to Section 3.c of their Loan Agreement, during the "Repayment Period", plaintiffs were required to make monthly Minimum Payments based on an "amortized" calculation over 180 months with interest based on an Annual Percentage Rate.  Section 3.c reads as follows:

> **3. c  Repayment Period**
>
> After the Draw Period ends, you will no longer be able to obtain credit advances and must repay the outstanding balance over 15 years (the "Repayment Period").  **During the Repayment Period, your regular payment will be based on an amortization of your balance over a 180 month period** or $20.00, whichever is greater.  Your payments will be due monthly.  **In calculating the payment amount by amortizing the balance over a 180 month period,** we will use the applicable variable Annual Percentage Rate in effect on the day we calculate your payment [emphasis added].  Your "Minimum Payment" will be the regular payment, plus any amount past due and all other charges....
>
> (Emphasis added).

14.    When interest rates are unchanged, an amortized payment schedule for home mortgage loans provides a *level monthly payment* with a *varying* amount of the payment going to principal and interest.    At the

beginning of the payment period, the amount allocated to interest is greater than principal. As the loan is paid off, the amount allocated to principal increases and the amount of interest decreases.

15.     According to Section 19 of the Loan Agreement, the "Annual Percentage Rate" for the life of plaintiffs' loan was to be calculated at the end of each month based on the Wall Street Journal Prime plus .5%, with a floor of 2.5%.

16.     Since the beginning of their Repayment Period, the Annual Percentage Rate for plaintiffs' HELOC has been 3.75%.   This is a historically low rate that is favorable to plaintiffs but unfavorable to Citizens.   The Wall Street Journal's prime rate from 2000 to the present can be found on the internet at Wikipedia.org.   A printout is attached as Exhibit E.

17.     At the end of their Draw Period, plaintiffs had a balance of $157,358 owing on their HELOC loan.

18.     Using Citizens' internet mortgage payment calculator, plaintiffs' Minimum Payment during the Repayment Period should be $1,144.34.  A true copy of the amortized calculation and resulting payment schedule is attached as Exhibit F.

19.     Instead of using an "amortized" calculation, Citizens uses a non-amortized add-on-interest method to calculate plaintiffs' Minimum Payment. Under this method, Citizens calculates the Minimum Payment by using a fixed

amount of principal - 180th of the loan's principal balance at the end of the Draw period - to which it adds a varying amount of interest based on the number of days in the billing cycle and the remaining principal.

20.     Citizens' add-on-interest method results in Minimum Payments that are substantially higher than required by the Loan Agreement.  Over the first 14 months of the plaintiffs' Repayment Period (July 9, 2013-September, 9 2014), Citizens charged plaintiffs between about $1,359 and $1,375 in Minimum Payments each month (without regard to prepayments, missed payments or late fees and the first irregular payment) instead of $1,144.34 per month on an amortized basis.  A true copy of a portion of Citizens' default notice claiming the amount due for this period is attached as Exhibit G.

21.     During this time (July 9, 2013 - September 9, 2014), Citizens charged plaintiffs   $3,122.76 more than was required by their Loan Agreement.   Attached as Exhibit H is a spreadsheet showing the amount Citizens overbilled and the correct amount due.

22.     Citizens' calculation of plaintiffs' Minimum Payment is contrary to the express terms of their Loan Agreement.

23.     Citizens improperly accelerated repayment of plaintiffs' loan and deprived them of its benefits.

24.     Citizens' representations in its February 6, 2013 End-Of-Draw Notice that plaintiffs were  "required" to repay the outstanding balance of

principal in 180 "equal payments" was false, deceptive and misleading.

25.    At no time prior to the origination of plaintiffs' loan did Citizens notify them of the methods it would use to calculate, charge and collect the Minimum Payments during the Repayment Period.

26.    Plaintiffs reasonably believe that Citizens followed the same policies and billing practices, used the same or similar form contracts, notices, billing methods and acted in the same or similar manner with respect to all of the HELOC loans that originated since 2003 and that have transitioned into the Repayment Period.

## IV.    **Class Action Allegations**

27.    Plaintiffs bring this class action on behalf themselves and all other similarly situated members of the Class and SubClass pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class and SubClass:

> All Persons who obtained a HELOC loan from Citizens during the Class Period, the loan had a balance at the end of the Draw Period, and were charged "Minimum Payments" during the Repayment Period.

> The Subclass consists of:

All Persons who obtained a HELOC loan from Citizens during the Class Period that was <u>secured by  real property in Pennsylvania</u>, the loan had a balance at the end of the Draw Period, and were charged "Minimum Payments" during the Repayment Period.

Plaintiffs believe that the "Class Period" commenced on January 1, 2013 and is continuing.   Plaintiffs reserve the right to modify the Class Period in the event that discovery reveals that Citizens' billing practices began prior to January 1, 2013.

Excluded from the Class and SubClass are defendants, their officers, directors, management, employees, subsidiaries and affiliates.

Plaintiffs reserve the right to modify or amend the Class and Subclass definitions at any time until trial.

28.   <u>Numerosity</u>.   Plaintiffs reasonably estimate  that there are more than 1,000 members of the Class and more than 100 members of the Subclass; and that they are so numerous that joinder is impracticable.   Further, the identity and precise number of the Class and SubClass is reasonably ascertainable through the computerized records of the defendants.

29.   <u>Typicality</u>.   Plaintiffs' claims are typical of all Class and Subclass. Plaintiffs and members of the Class and SubClass were damaged by, and as a result of, the same wrongful conduct by defendants.   Plaintiffs reserve the right to add and/or substitute other representative plaintiffs until trial.

30.  <u>Adequacy</u>.  Plaintiffs are adequate Class representatives.  Their interests are aligned with, and not antagonistic to, those of the Class and SubClass.  They do not have any conflicts with the Class or Subclass.  They have engaged experienced counsel to represent the interests of the Class and Subclass and will continue to do so.

31.  <u>Commonality</u>.   Defendants have acted on grounds generally applicable to the plaintiffs, the Class and SubClass.  Common questions of law and fact predominate over individual questions.

      A.  There are common questions of material facts.  During the Class Period:

          a.  Citizens used the same or similar HELOC Loan Agreements with the same or similar terms for all Class members;

          b.  All of Citizens' HELOC loans are consumer transactions;

          c.  Citizens made the same promises and misrepresentations to all Class members;

          d.  Citizens followed the same or similar billing policy and practice in calculating the Minimum Payments for all Class members;

e.   Citizens made the same or similar confusing and deceptive representations to all Class members that it would use an amortized billing method to calculate the Minimum Payment;

f.   Citizens sent the same or similar End-Of-Draw Notice to all Class members misrepresenting that their Loan Agreements required repayment of the remaining principal balance over "180 months in equal principal payments."

g.   All class members were overbilled and aggrieved by Citizens charging more than the required Minimum Payment;

h.   Citizens acted in the same or similar manner with respect to all members of the Subclass i.e HELOC loans secured by real property in Pennsylvania.

B.   There are common questions of law. These include:

a.   Does Citizens' policy and practice breach the terms of its Loan Agreements?

b.   Is the Class entitled to injunctive relief?

13

c.    Is the Class entitled to restitution?

d.    Did Citizens use of a non-amortized add-on-interest billing method violate the PaUTPCPL with respect to the Pennsylvania Subclass?

e.    Did Citizens common misrepresentations in its End-Of-Draw Notices violate the PaUTPCPL with respect to the Subclass?

f.    Are members of the Subclass entitled to treble damages and other statutory relief under the PaUTPCPL?

g.    Did Citizens violate the Truth and Lending Act.

32.    <u>Superiority, Efficiency and Fairness</u>.  A class action is a superior method for the fair and efficient adjudication of this controversy.

a.    Common questions predominate over individual questions making class action relief appropriate;

b.    Citizens' records are believed to be computerized, preserved and centrally located, making identification of

14

Class members, Class  discovery, calculation of restitution and notice relatively convenient and inexpensive;

c. Resolution of plaintiffs' case will effectively resolve in a single action the rights of all other persons similarly situated;

d. Class treatment will permit a large number of similarly situated individuals to pursue common claims in a single forum, without duplication of evidence, effort, and expense that numerous individual actions would engender;

e. The benefits of proceeding through a class mechanism provide a large number of individuals the means to obtain redress on claims that  might not be practicable to pursue individually; the amount at issue would make individual litigation difficult, if not prohibitive;

f. Although the amount of individual restitution and/or damages may vary, they can be determined from Citizens' records in a systematic and uniform manner for each Class member.

## Count I
## Class v. All Defendants
## Breach of Contract
## <u>Declaratory and Injunctive Relief</u>

33.     Plaintiffs incorporate by reference all of the allegations above as if set forth at length.

34.     Citizens is in breach of its Loan Agreements with plaintiffs and the Class.

35.     Plaintiffs and the Class lack an adequate or appropriate remedy to compel Citizens to conform its billing practices to the terms of their Loan Agreements.

36.     Citizens' conduct is ongoing.

37.     Unless declaratory and injunctive relief is granted, plaintiffs and all Class members will be compelled to pay excessive and burdensome charges to Citizens on an ongoing basis or suffer default, foreclosure, the loss of low-interest loans and impairment of their credit.

38.     Plaintiffs and the Class will suffer irreparable harm which will be difficult to measure unless  Citizens is compelled to use an amortized method to calculate the "Minimum Payment" as required by its Loan Agreements.  This harm includes but is not limited to:

(a)   Citizens' improper and unauthorized acceleration of repayment of the loan principal;

(b)   The loss of a HELOC loan at historically low interest rates;

(c)   An unlawful and undisclosed penalty for having a loan balance at the end of the Draw Period;

(d)   Default, foreclosure and the loss of their homes.

**WHEREFORE,** plaintiffs request judgment individually and on behalf of the Class and against defendants, jointly and severally and that the court grant them the following relief:

(a)   Certify plaintiffs as Class Representatives and their counsel as Class Counsel;

(b)   Declaratory and injunctive relief ordering and directing defendants to:

1.  use an amortized billing method to calculate the "Minimum Payment" for Home Equity Lines of Credits loans that were made in 2003 and 2004 and related injunctive and declaratory relief;

2.  modify and/or strike and/or conform any loan default or actions related thereto based in whole or in part on Citizens' miscalculation of the

Minimum Payments;

(c)     Such other relief that is necessary and appropriate.

## Count II
## Class v. All Defendants
## Breach of Contract
## <u>Restitution</u>

39.     Plaintiffs incorporate by reference all of the allegations above as if set forth at length.

40.     By reason of the aforesaid, Citizens has required plaintiffs and the Class to make Minimum Payments that are in excess of the amount required by their Loan Agreements;

41.     Citizens is in breach of its Loan Agreements with plaintiffs and the Class.

42.     By reason of the aforesaid, plaintiffs and the Class are entitled to restitution for amounts paid to Citizens during the Repayment Period in excess of the amount required by their Loan Agreements.

**WHEREFORE,** plaintiffs request judgment individually and on behalf of the  Class and against defendants, jointly and severally, and that the court grant them the following relief:

(a)     Certify plaintiffs as Class Representatives and their counsel as Class Counsel;

(b)    Grant plaintiffs and all Class members restitution for the amount of Minimum Payments made during the Repayment Period of their Home Equity Line of Credit that is in excess of the amount due by use of an amortized  loan schedule and billing method;

(c)    Grant such other relief that is necessary and appropriate.

## Count III
## Class  v. All Defendants
## Violation of the Truth In Lending Act
## (TILA)

43.    Plaintiffs incorporate by reference all of the allegations above as if set forth at length.

44.    The TILA required Citizens, prior to extending credit, to disclose to plaintiffs and the Class "how the amount of any minimum monthly or periodic payment will be determined" during the Repayment Period.  TILA, 15 U.S.C. Section 1637a (a)(8)(c).

45.    The TILA prohibited Citizens from unilaterally changing the terms of a HELOC loan after it is opened. TILA, Reg. Z, 12 CFR Sec. 226.5b(f)(3).

46.    Prior to extending credit, Citizens failed to disclose to plaintiffs and the Class how their Minimum Payments were determined during the Repayment Period as required by TILA,  15 U.S.C. Section 1637a(a)(8)(c) and

its regulations.

47.    After extending Credit, Citizens changed the terms of plaintiffs' and the Class' HELOC loans by unilaterally changing the method of calculating the Minimum Payment contrary to the TILA, Reg. Z, 12 CFR Sec 226.5b(f)(3).

48.    Citizens' End-Of-Draw Notices to plaintiffs and the Class falsely represented that "the terms of your agreement require that your existing principal balance of $######## will be payable over the next 180 months in equal principal payments" in violation of TILA,    15 U.S.C. Section 1637a(a)(8)(c) and its regulations.   In fact, all of these Loan Agreements required an amortized schedule of 180 level payments of principal and interest.

49.    By reason of these violations, plaintiffs and the Class are entitled to declaratory and injunctive relief to reform their HELOC loans and to compel Citizens' compliance with the TILA and its regulations.

50.    By reason of the aforesaid, plaintiffs and the Class are entitled to the maximum statutory damages available under the TILA.

**WHEREFORE,** plaintiffs request judgment individually and on behalf of the   Class and against defendants, jointly and severally,   and that the court grant them the following relief:

    (a)    Certify plaintiffs as Class Representatives and their counsel as Class Counsel;

(b)     Grant plaintiffs declaratory and injunctive relief ordering and directing defendants to use an amortized billing method to calculate the "Minimum Payment" for Home Equity Lines of Credits loans that were made since 2003;

(c)     Grant plaintiffs and all Class members the maximum statutory penalty available to the Class;

(d)     Award plaintiffs and the Class reasonable attorneys' fees and costs;

(e)     Grant such other relief that is necessary and appropriate.

**Count IV**
**SubClass v. All Defendants**
**Violation of the <u>PaUTPCPL</u>**

51.     Plaintiffs incorporate by reference all of the allegations above as if set forth at length.

52.     Citizens' representations in its Loan Agreements that it would use an amortized method to calculate the Minimum Payment were deceptive and misleading with respect to the characteristics, standards, benefits and quality of its  HELOC loans in violation of 73 P.S. §§201-2(4)(v) and (vii) of the PaUTPCPL.

53.    Citizens' failure to disclose in its Loan Agreements its method of calculating Minimum Payments prior to origination of these HELOC loans was deceptive and misleading with respect to the characteristics, standards, benefits and quality of the loans in violation of 73 P.S. §§201-2(4)(v) and (vii) of the PaUTPCPL.

54.    Citizens' End-of-Draw Notices to plaintiffs and the SubClass were deceptive and misleading as to the requirements of the their Loan Agreements in violation of 73 P.S. §§201-2(4)(v) and (vii) of the PaUTPCPL.

55.    Citizens'   conduct created the likelihood of confusion or misunderstanding in violation of 73 P.S. §§201-2(4)(xxi) of the PaUTPCPL.

56.    Plaintiffs and all SubClass members relied on Citizens' misrepresentations and deceptive and confusing conduct; they were all required to read and "acknowledge" these misrepresentations in the Loan Agreements; and they were all required to pay more than was due to avoid default.

57.    As a result of Citizens' representations and conduct, plaintiffs and all SubClass members have and will be caused substantial monetary damage and harm by being required to pay excessive Minimum Payments during their Repayment Period.

58.    Plaintiffs and all SubClass members are entitled to restitution for the amount of excessive payments made together with declaratory relief ordering Citizens to properly calculate the Minimum Payment.

59.    Plaintiff and all  SubClass members are entitled to statutory treble damages under the PaUTPCPL for each monthly Minimum Payment collected by Citizens based on a non-amortized calculation.

60.    Plaintiffs and all SubClass members are entitled to reasonable attorneys' fees and costs.

**WHEREFORE,** plaintiffs request judgment individually and on behalf of the  SubClass and against defendants, jointly and severally,  and that the court grant them the following relief:

(a)    Certify plaintiffs as Class Representatives and their counsel as Class Counsel;

(b)    Grant plaintiffs declaratory and injunctive relief ordering and directing defendants to use an amortized billing method to calculate the "Minimum Payment" for Home Equity Lines of Credit loans that were made in Pennsylvania since 2003;

(c)    Grant plaintiffs and all SubClass members restitution for the portion of Minimum Payments made during the Repayment Period of their Home Equity Line of Credit in excess of the amount that would be due by use of an amortized billing method with treble damages;

23

(d)     Alternatively, award plaintiffs and each SubClass member statutory damages for each violation committed by Citizens;

(e)     Award plaintiffs and the SubClass reasonable attorneys' fees and costs;

(f)     Grant such other relief that is necessary and appropriate.


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of 12.


Respectfully submitted,


By: _____
Ronald Jay Smolow, Esquire
*Attorney for Plaintiffs and
the Plaintiff Class*

3 Three Ponds Lane
Newtown, PA 18940
(o) 215.579.1111
(f) 215.579.7949
Ron@smolow.com

Of Counsel:
Marc H. Edelson, Esq.
Edelson & Associates, LLC
3 Terry Drive, Suite 205
Newtown, PA 18940
215-867-2200
267-685-0676 (fax)
medelson@edelson-law.com

24